IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KINGMAN HOLDINGS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:17-CV-41-M (BT) |
| | § | |
| OCWEN LOAN SERVICING, LLC, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant Ocwen Loan Servicing, LLC has filed a Motion for Summary

Judgment [ECF No. 13], in this removed civil action arising out of foreclosure

proceedings initiated against real property located in Mesquite, Texas (the

"Property"). For the reasons stated, the District Court should **GRANT**

Defendant's motion.

**BACKGROUND**

On December 1, 2016, Plaintiff Kingman Holdings, LLC, as trustee of the

Kerrville Drive 2809 Land Trust (the "Trust"), filed an Original Petition and

Application for Injunctive Relief in the 193rd Judicial District Court of Dallas

County, Texas, seeking to enjoin Defendant from foreclosing on the Property. By

its lawsuit, Plaintiff alleges the Trust owns the Property, and Wells Fargo Bank,

National Association, as trustee for Option One Mortgage Loan Trust 2007-1,

Asset Backed Certificates, Series 2007-1 ("Wells Fargo"), has wrongfully

threatened to foreclose on the Property. Plaintiff contends that any attempt by

1

Wells Fargo, or Defendant, as Wells Fargo's mortgage servicer, to foreclose on the Property is invalid because Plaintiff has not been given an opportunity to exercise its equitable right of redemption. Plaintiff seeks a declaration from the Court as to Plaintiff's rights relating to the Property, including a declaration that Plaintiff is entitled to exercise its right of redemption for the Property under Chapter 37 of the Texas Civil Practice and Remedies Code. *See* Pet. 3. Plaintiff alternatively requests that the Court enter a declaratory judgment declaring "the current value of the Deed of Trust" and the amount necessary to release any liens or encumbrances on the Property. *See* Pet. 3-4. Plaintiff also requests an injunction preventing Defendant from selling the Property at a foreclosure sale.

Defendant timely removed this case to federal court on the basis of diversity jurisdiction. *See* Notice [ECF No. 1]. On December 15, 2017, Defendant filed a Motion for Summary Judgment, in which it argues Plaintiff's claim for equitable redemption fails because Plaintiff cannot show it was "ready, able or willing" to redeem the Property by paying off the outstanding mortgage balance. Defendant further argues that Plaintiff's claims for declaratory and injunctive relief fail as a matter of law. Plaintiff failed to file a response to Defendant's Motion, and the time to do so has passed. Therefore, the Court considers Defendant's Motion without the benefit of a response.

## **LEGAL STANDARDS**

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The movant's burden can be satisfied by demonstrating that there is an absence of evidence which supports the nonmoving party's case for which that party would have the burden of proof at trial. *Id*. Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The nonmovant must identify specific evidence in the record and state the precise manner in which that evidence supports the party's claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988)). "[T]he court is under no duty to sift through the record to find evidence that supports a nonmovant's opposition to a motion for summary judgment." *Id.*; *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

A party's failure to respond to a summary judgment motion does not permit the court to enter a "default" summary judgment. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990). However, the court is permitted to accept the movant's evidence as undisputed. *Id.* A nonmovant who does not respond to a summary judgment motion is "relegated to [her] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945

F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serv. Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

## ANALYSIS

The summary judgment evidence shows that Gloria Hawkins ("Hawkins") purchased the Property, on November 7, 2006. *See* Def.'s App. [ECF No. 15-1 at 6-10]. Plaintiff is the purported trustee for an alleged trust that purchased the Property from a homeowners' association, which took title to the Property from Hawkins when the association foreclosed its lien for unpaid dues and/or maintenance assessments. *See* Pet. 3 [ECF No. 1-3].

In connection with her purchase of the Property, Hawkins obtained a loan (the "Loan") from Option One Mortgage Corporation ("Option One"). Hawkins executed a Note payable to Option One and a Deed of Trust that secured the repayment of the Note with the Property. *See* Def.'s App. [ECF No. 15-1 at 6-10]; *See* Def.'s App. 12-24. Sand Canyon Corporation (formerly known as Option One Mortgage Corporation) subsequently assigned the Deed of Trust to Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2007-1, Asset-Backed Certificates, Series 2007-1. *See* Def.'s App. 26. Wells Fargo is the current owner of the Note and beneficiary of the Deed of Trust. Defendant is Wells Fargo's servicer for the Loan. *See* Def.'s App. 3, 26.

Wells Fargo notified Plaintiff of its intent to sell the Property at a foreclosure sale on December 6, 2016. In response, Plaintiff filed this lawsuit to stop the foreclosure and demanded that it be allowed to exercise its right of

redemption. On October 5, 2017, Wells Fargo provided Plaintiff with a payoff amount for the loan to be made by October 16, 2017. *See* Def.'s App. 3, 33-45. The payoff offer has since expired without any payments being made on the loan, and the total payoff amount through October 16, 2017 is $195,585.72. *See* Def.'s App. 4, 34.

Because Plaintiff did not file a response to Defendant's Motion for Summary Judgment, the Court accepts the summary judgment evidence as undisputed. *Eversley*, 843 F.2d at 174.

## **Equitable Redemption**

Defendant first argues that it is entitled to summary judgement on Plaintiff's claim for equitable redemption under Chapter 37 of the Texas Civil Practice and Remedies Code, because there is no evidence to support an essential element of Plaintiff's claim. "The doctrine of equitable redemption allows a lienholder 'a reasonable time to cure default and require a reconveyance of the mortgaged property.'" *Hockessin Holdings, Inc. v. Ocwen Loan Servicing, LLC*, 2016 WL 247727, at *6 (W.D. Tex. Jan. 19, 2016) (quoting *Elbar Invs., Inc. v. Wilkinson*, 2003 WL 22176624, at * 3 (Tex. App.—Houston [14th Dist.] Sept. 3, 2003, pet. denied)). In order to "'enforce an equity of redemption, a party must sue for that purpose and plead such equities that would authorize recovery.'" *Id.*, 2016 WL 247727, at *6 (quoting *Elbar*, 2003 WL 22176624 at *3). To establish a *prima facie* case for equitable redemption, a party must:

> (1) show a legal or equitable interest in the property subject to the mortgage;
>
> (2) prove that the party is "ready, willing, and able" to redeem the property in controversy by paying off the amount of valid liens attached to the property; and
>
> (3) assert the claim before the foreclosure sale, because the equity of redemption terminates once foreclosure occurs.

*Id.*, 2016 WL 247727, at *6 (citing *Scott v. Dorothy B. Schneider Estate Trust*, 783 S.W.2d 26, 28 (Tex. App.—Austin 1990, no pet.)). In order to prove that a party is "ready, willing, and able to redeem a property," the party must show it made a tender of money in the redemption amount. *Id.*, 2016 WL 247727, at *6 (citing *Owens v. Bank of America*, *N.A.*, 2012 WL 912721, at *3-4 (S.D. Tex. Mar. 16, 2012)). "[T]he tender requirement is a condition precedent to the plaintiffs' exercise of equitable rights or remedies." *Owens*, 2012 WL 912721, at *3-4.

The record establishes that, in response to Plaintiff's asserted claim for equitable redemption, Defendant provided Plaintiff with a payoff quote on October 5, 2017. *See* Def.'s App. 3, 33-45. However, Plaintiff failed to take any action to satisfy the lien. *See* Def.'s App. 3, 28-31, 33-37. In the absence of any evidence that Plaintiff tendered the amount due and owing on the Loan, Plaintiff cannot establish that it is entitled to exercise its equitable right of redemption. Accordingly, the Court should grant summary judgment in Defendant's favor on Plaintiff's claim for equitable redemption.

## **Declaratory Judgment**

Defendant next argues that it is entitled to summary judgment on
Plaintiff's claim for a declaratory judgment, because Plaintiff's underlying claim
for redemption fails. *See* Def.'s Br. 6-7. "A declaratory judgment merely allows a
party 'to obtain 'an early adjudication of an actual controversy' arising under
other substantive law.'" *Carter v. Bank of Am., N.A.*, 2013 WL 1482610, at *3
(N.D. Tex. Apr. 9, 2013) (quoting *Metcalf v. Deutsche Bank, Nat'l Trust Co.*, 2012
WL 2399369, at *9 (N.D. Tex. June 26, 2012); *Collin Cnty., Tex. v. Homeowners
Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir.1991)).
"It is a procedural device and does not create a substantive cause of action."
*Carter*, 2013 WL 1482610, at *3 (citing *Valdez v. Fed. Home Loan Mortg. Corp.*,
2011 WL 7068386, at *3 (N.D. Tex. Nov. 28, 2011)).  "A request for declaratory
judgment under state law is [] considered as a claim under the federal
Declaratory Judgment Act." *Bonilla v. Wells Fargo Bank, N.A.*, 2016 WL
5661706, at *4 (S.D. Tex. Sept. 29, 2016) (citing 28 U.S.C. § 2201). "'Both Texas
and federal law require the existence of a justiciable case or controversy in order
to grant declaratory relief." *Id.* (quoting *Val-Com Acquisitions Trust v.
CitiMortgage, Inc.*, 421 F. App'x 398, 400 (5th Cir. 2011) (citing *Bonham State
Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995)). Because Plaintiff is not
entitled to relief on a substantive underlying claim, summary judgment should be
granted with respect to Plaintiff's claim for a declaratory judgment.

**Injunctive Relief**

Defendant also argues that Plaintiff is not entitled to injunctive relief, because Plaintiff cannot prevail on a substantive underlying claim. Def.'s Br. 7. "Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." *Cooks v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, at *4 (N.D. Tex. Jul. 12, 2010) (citing *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.)). Because Plaintiff has failed to demonstrate any well-founded causes of action against Defendant, there is no underlying cause of action for which the Court can provide this equitable remedy. Therefore, Defendant is entitled to summary judgment on Plaintiff's claim for injunctive relief.

**RECOMMENDATION**

For the foregoing reasons, Defendant's Motion for Summary Judgment should be **GRANTED**, and this case should be dismissed with prejudice.

**SO RECOMMENDED**.

June 28, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).